OWEN v. LADD.

(Circuit Court, D. Connecticut. December 28, 1895.)

1. PATENTS—INFRINGEMENT SUITS—LACHES.
   A delay of over 10 years in bringing suit, after charging infringement, and being met with a denial thereof, *held* such laches as would prevent relief against one who in the meantime succeeded to the alleged infringing business.

2. SAME—VALIDITY—INFRINGEMENT.
   The Owen reissue, No. 10,348, for a gong bell, having in combination the novel element of a curved and bent vibrating standard, if valid at all, is not infringed by a gong in which the standard is neither curved nor bent, and is cast solid with the base.

This was a suit in equity by George B. Owen against W. C. Ladd for alleged infringement of a patent for a gong bell.

H. Albertus West, for complainant.
Newell & Jennings, for defendant.

TOWNSEND, District Judge. The hearing herein was on a bill alleging infringement of reissued letters patent No. 10,348, to George B. Owen, dated July 3, 1883, for a gong bell. The answer alleges invalidity of the reissue on various grounds, lack of patentable novelty, and laches, and denies infringement. The claims as to which infringement is alleged are the following:

"(1) A gong bell consisting of the combination with a base or attaching portion, a sounder, and a gong secured to the sounder, of a curved standard, connecting the base and sounder, substantially as set forth. (2) In a gong bell, a stationary base or attaching portion having a curved vibrating standard secured thereto, said standard being curved in a plane substantially parallel to that of the base, substantially as set forth. (3) In a gong bell, the combination, with the base or attaching portion, a curved vibrating standard connected therewith at one end, and a sounder connected with the opposite end of the standard, of a gong removably secured to the sounder, substantially as set forth."

The improvement originally claimed consisted in a construction of a gong bell attachment for clock cases with a curved standard bent in a plane parallel to its base, and having its ends bent outward in opposite directions, at right angles with said plane, so that the gong could be brought close to its base without having its vibrations checked. The only novel element in this combination was a curved standard. If there was any invention in this arrangement, it must be found in the claimed novel result of more musical tones, and not in the mechanical adaptability of the parts.

Defendant's assignor, Barnes, prior to this alleged invention, constructed various modifications of the old French clock gong, for one of which he obtained a patent in October, 1883. The defendant's bells are constructed substantially in accordance with the

drawings of said patent. The complainant, in October, 1883, charged Barnes with infringement. Barnes stated that he had obtained a patent, and that his counsel advised him that his bell did not infringe, and he and his successors continued to manufacture and sell said bells. Complainant admits that the foregoing statements discouraged him, and that he never made any further claim under his patent until 1894, at which time said Barnes was dead, the original factory had burned down, and this defendant had succeeded to the business. No excuse has been shown for this long delay. Even if defendant were an infringer, complainant's laches would preclude him from recovering damages. But defendant is not an infringer. The only standard used by him consists of a short and substantially straight cast-iron arm extending from the base. It is neither curved nor bent, nor vibratory within the language or meaning of the patent in suit. And while the patentee stated in his specification that such standard might be cast, it clearly appears from the general description of his alleged invention, and from his reply to the citation of a reference by the patent office, that he did not intend to cover a rigid standard cast solid with the base. Complainant's sole claim of infringement rests upon the assertion that "the curved standard accomplished, to a certain degree, the objects of my invention." Even if, as complainant claims, this cast-iron prong "prevents, in a degree, the vibrations being checked," yet it does not infringe the bent, curved, vibrating, musical tone producing standard of the patent in suit. Let the bill be dismissed.